# UNITED STATES DISTRICT COURT
for
## NORTHERN DISTRICT OF CALIFORNIA
San Jose Venue

RECEIVED MAR 10 2008

---

## Petition for Summons for Offender Under Supervision

---

| | |
|---|---|
| Name of Offender: | Ariel Arellano-Diaz<br>AKA Antonio Juan Gomez |
| Name of Sentencing Judge: | Howard R. Lloyd<br>United States Magistrate Judge |
| Date of Original Sentence: | November 8, 2007 |

Docket No.: CR 5:07-00500-01 HRL

**FILED**

MAR 11 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

Original Offense:
Count One: Fraud and Related Activity in Connection with Identification Documents and Information, 18 U.S.C. § 1028(a)(4), a Class A misdemeanor

Original Sentence: Five years probation
Special Conditions: Three months Residential Reentry Center; special assessment $25.00; fine $4,000.00; alcohol treatment and testing; no alcohol; access to financial information; search; may continue to use the name Antonio Juan Gomez so long as he never uses any identifying information or characteristics of the Antonio Juan Gomez currently residing in Orange County, CA, whose mother is Delores Hermalinda Castillo and whose father is Antonio Estanislao Gomez and shall use only the Social Security number he now possess which ends with the last four digits of 5195.

| | |
|---|---|
| Type of Supervision: Probation | Date Supervision Commenced: November 8, 2007 |
| Assistant U.S. Attorney: Susan F. Knight | Defense Counsel: Miguel A. Hernandez (Retained) |

---

## Petitioning the Court

The issuance of a summons for the offender to appear in court before the duty Magistrate Judge Lloyd for identification of counsel and setting of further proceedings on April 3, 2008, at 9:30 am.

I, Juan F Ramirez, a Probation Officer employed in the United States District Court for the Northern District of California, solemnly affirm and declare, under penalty of perjury, that to the best of my information and belief, the facts set forth in this affidavit are true and correct. The factual affirmations made below are based on my personal knowledge, on official records or documents generated and maintained by my agency in the course of performing its functions, on official records or documents generated and maintained by other government agents or agencies in the course of performing their functions, or on information provided to me orally or electronically by employees or agents of other public agencies (information developed or acquired in the course of performing official agency functions).

Ariel Arellano-Diaz  
CR 5:07-00500-01 HRL

Page 2

<u>Charge Number</u>          <u>Violation</u>

One                    There is probable cause to believe that the offender violated standard condition number two that states the defendant shall report to the probation officer, and shall submit a truthful and complete written report within the first five days of each month.

    On November 8, 2007, the offender reported to the probation office as instructed after sentencing. U.S. Probation Officer Brian Casai reviewed the standard conditions of supervision and instructed the offender on how to complete a Monthly Supervision Report.

    On January 23, 2008, the undersigned officer reviewed the offender's judgement and the conditions of supervision during an office visit. The offender was instructed on how to complete a Monthly Supervision Report and was given sufficient blank reports and instructed when to submit them. The offender has failed to submit any Monthly Supervision Reports to date.

    Evidence of this violation can be obtained by the case notes dated November 8, 2007, and January 23, 2008.

NDC-SUPV-FORM 12C(1) 03/23/05

Ariel Arellano-Diaz  
CR 5:07-00500-01 HRL
Page 3

| | |
|---|---|
| Two | There is probable cause to believe that the offender violated standard condition number three that states the defendant shall answer truthfully all inquires by the probation officer and follow the instructions of the probation officer. |

On January 23, 2008, the undersigned officer reviewed the offender's judgement and the conditions of supervision during an office visit. Upon reviewing the offender's special conditions, he stated he was not aware of special condition number two, to reside for three months in a Residential Reentry Center. The offender was informed that he will be able to work, attend any treatment appointments and can have his family visit him. The offender stated he understood and would comply. The offender was informed that there was currently no space available, but that he can expect to report some time in late February 2008. The offender was instructed to prepare for the future placement. The offender stated he understood.

On February 21, 2008, a voice message was left for the offender on his cell phone, instructing him to report to the Residential Reentry Center in Salinas, California on February 29, 2008, at 9:00 am. The address and phone number was provided. A letter was also sent this date instructing the offender to report along with the address and contact phone number.

On February 25, 2008, the undersigned officer received a call from the offender stating he would not report to the Residential Reentry Center and requested to appear in court to re-open his case.

On March 3, 2008, the undersigned officer received a voice message from the Residential Reentry Center, Federal Case Manager stating the offender did not report on February 29, 2008.

Evidence of this violation can be obtained from the case notes dated January 23, 2008; February 21, 2008; March 3, 2008; and the letter sent to the offender dated February 21, 2008.

| | |
|---|---|
| Three | There is probable cause to believe that the offender violated special condition number two that states the defendant shall reside for a period of three months, to commence immediately, in a Residential Reentry Center and shall observe the rules of the facility. |

On February 21, 2008, a voice message was left for the offender on his cell phone, instructing him to report to the Residential Reentry Center in Salinas, California on February 29, 2008, at 9:00 am. The address and phone number was provided. A letter was also sent this date instruction the offender to report along with the address and contact phone number.

On February 25, 2008, the undersigned officer received a call from the offender stating he would not report to the Residential Reentry Center and requested to appear in court to re-open his case.

Evidence of this violation can be obtained from the case notes dated February 21 and 25, 2008, and the letter sent to the offender dated February 21, 2008.

NDC-SUPV-FORM 12C(1) 03/23/05

Ariel Arellano-Diaz  Page 4
CR 5:07-00500-01 HRL

Address of offender:    1007 San Rafael
                        Soledad, CA 93960

Based on the foregoing, there is probable cause to believe that Ariel Arellano-Diaz AKA Antonio Juan Gomez violated the conditions of his supervision.

Respectfully submitted,

_____
Juan F Ramirez
U.S. Probation Officer
Date Signed:  February 25, 2008

Approved as to form:

_____
Susan Portillo
Supervisory U.S. Probation Officer

---

Having considered the information set forth above, the court finds there is probable cause to believe there has been a violation of the conditions of supervision and orders:

☒ The issuance of a summons for the offender to appear in court before the duty Magistrate Judge Lloyd for identification of counsel and setting of revocation proceedings on April 3, 2008, at 9:30 am.

☐ Other:

_3/11/08_____          _____
Date                                Howard R. Lloyd
                                    United States Magistrate Judge